# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. EUGENE MALLOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 08 cv 6109 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ANDY OTT, Warden, ) | |
| Graham Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Eugene Malloy's petition for a writ of habeas corpus [1], Respondent Andy Ott's motion to dismiss the petition without prejudice [10], and Petitioner's motion for leave to file an "affidavit of clarification" [15] concerning the claims raised in his petition. For the reasons stated below, Petitioner's motion for leave to file the "affidavit of clarification" [15] is granted; Respondent's motion to dismiss [10] is granted; and the petition for a writ of habeas corpus [1] is dismissed without prejudice for failure to exhaust all available state court remedies.

**I.     Background**

Petitioner Eugene Malloy is an inmate at the Graham Correctional Center. Petitioner pleaded guilty to ten counts of armed robbery and one court of robbery. He originally received a sentence of eleven concurrent terms of 55 years imprisonment, but that sentence later was vacated. Petitioner then was resentenced in May 2006 to eleven concurrent terms of 30 years imprisonment and 2 years of mandatory supervised release.

Petitioner filed a petition for a writ of habeas corpus [1] in which he contends that the Illinois Department of Corrections has violated Petitioner's due process rights under the Constitution of the United States. Specifically, Petitioner contends that the Illinois Department of Corrections has miscalculated Petitioner's remaining sentence. According to Petitioner, his period of mandatory supervised release (2 years) must be served within the time allowed for his determinate prison sentence (30 years). With "good conduct" credit amounting to half of the total determinate sentence, Petitioner expected to serve a total of 15 years of "liberty restraint," which by Petitioner's calculations should amount to 13 years of "physical imprisonment" and 2 years of mandatory supervised release. Petitioner thus appears to contend that under his interpretation of Illinois law, he should have been released on February 28, 2007. Petitioner notes, however, that he lost nearly a year (11 months and 15 days to be exact) of "good conduct" credits as a result of disciplinary action against him. Taking into account that adjustment, Petitioner alternatively lists February 13, 2008, as the date on which his imprisonment should have ended and his supervised release should have begun.[1]

Respondent Andy Ott is the Warden of the Graham Correctional Center and thus is Petitioner's custodian and a proper Defendant in this matter. Respondent has filed a motion to dismiss the petition without prejudice [10]. According to Respondent, Petitioner has not exhausted his available administrative remedies for challenging both the revocation of his "good conduct" credits and the determination that his mandatory supervised release term must be served *in addition to*, not as part of, his determinate prison sentence.

---

[1] If the Illinois prison officials have properly revoked the good conduct credits and correctly determined that the period of supervised release does not count in the "determinate sentence" of imprisonment, then it appears that Petitioner's projected release date is sometime in February 2010.

The petition itself and Petitioner's brief contain some suggestion that Petitioner intends to challenge both the revocation of the "good conduct" credits and the Department of Corrections' construction of the provision of state law (730 ILCS 5/5-8-1) mandating that "every sentence shall include as though written therein a term *in addition to* the term of imprisonment * * * identified as a mandatory supervised release term."[2] (Emphasis added.) Respondent reads the petition as asserting both contentions. However, in an affidavit of clarification[3], Petitioner insists that he is not challenging the revocation of his good conduct credits. Instead, Petitioner contends that the sole contention in his petition challenges the way in which the Illinois Department of Corrections "is defying and misapplying stated law" by applying mandatory supervised release after the Petitioner has served his entire "set sentence." Petitioner argues that, so clarified, his claim alleges a violation of his federal constitutional rights under the Due Process Clause of the Fourteenth Amendment. Petitioner also asserts that he has exhausted his state remedies by filing a motion for leave to file a petition for writ of prohibition in the Supreme Court of Illinois. The Supreme Court denied that motion in an order entered on September 12, 2008. On October 10, 2008, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Central District of Illinois. The case then was transferred to this Court, and the docket sheet reflects that the petition was refiled in the Northern District of Illinois on November 7, 2008.

**II.  Analysis**

Whether Petitioner intends to raise one or both of the arguments discussed above, the result is the same. Accepting Petitioner's argument that his challenge to the Department of

---

[2] Section 5/5-8-1 recently was amended by Public Act 95-1052, effective July 1, 2009, but the amendment expressly provides that "[s]entencing for any violation of law occurring before the effective date of this amendatory Act of the 95th General Assembly is not affected or abated by this amendatory Act." 730 ILCS 5/5-4.5-990.

[3] Petitioner's motion for leave to file an affidavit of clarification [15] is granted.

Corrections' construction of the Illinois sentencing scheme states a due process claim under the federal Constitution, Petitioner still must first give the state courts a full and fair opportunity to correct the alleged constitutional violation. See, *e.g.*, *O'Sullivan v. Boerchel*, 526 U.S. 838, 844 (1999); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Indeed, it is well established that, in general, a federal court may not issue a writ of habeas corpus unless the habeas petitioner has exhausted available state court remedies.[4] See 28 U.S.C. § 2254(b)(1)(A) & (B); *Perruquet*, 390 F.3d at 514. It is equally settled that "[w]hen a state provides multiple remedies, one of which allows a prisoner to bring his claim directly to the state supreme court without first asking the trial and appellate courts to rule on it, the prisoner has not fully exhausted his state-court remedies by pursuing only that direct remedy unless the supreme court's denial of his request would bar him from bringing his claim anew in the trial and appellate courts." *Dupree v. Jones*, 281 Fed. Appx. 559, 560, 2008 WL 2388636, at **1 (7th Cir. June 11, 2008) (unpublished disposition) (citing *Crump v. Lane*, 807 F.2d 1394, 1395 (7th Cir. 1986)). And it has been clear since the Seventh Circuit's 1986 decision in *Crump* that while "Illinois allows a prisoner to circumvent the state trial and appellate courts and directly ask the supreme court for mandamus relief," "the supreme court's denial of relief does not prevent a prisoner from starting over with the trial court and pursuing a full round of state-court review." *Id*. (citing *Crump*, 807 F.2d at 1396); see also *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (indicating that a full round of state court review includes "a complaint for an order of mandamus from an Illinois circuit court," followed by "one complete round of the normal appellate process, including

---

[4] There are two exceptions to the exhaustion requirement: (1) where "there is an absence of available State corrective process;" and (2) where "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(B); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); *Dalcorobbo v. Pierce*, 2006 WL 314547, at *1 (C.D. Ill. Feb. 9, 2006). However, Petitioner has not argued, nor can the Court see any basis for concluding, that either exception applies here.

4

seeking discretionary review before the state supreme court"). Thus, "a prisoner who does nothing more after being turned away by the supreme court has not pursued a *full round* of state-court review, and thus, has not exhausted." *Dupree*, 281 Fed. Appx. at 560; 2008 WL 2388636, at \*\*1 (emphasis in original).

In fact, a recent decision from this district addressed the claim of a habeas petitioner who contended, like Petitioner here, that the Illinois Department of Corrections "does not properly calculate" mandatory supervised release ("MSR"), because it "calculates MSR separate from prison terms" and "if it properly aggregated the two terms, he would already be entitled to be released based on good time credits." *Wahiid v. McGann*, 2009 WL 1675952, at \*1 (N.D. Ill. June 11, 2009). Like Petitioner here, the petitioner in *Wahiid* had filed a motion for leave to proceed in an original action in the Supreme Court of Illinois raising that argument (among others). The district court ruled that the Supreme Court's denial of that motion did not represent a ruling on the merits and did not preclude the petitioner from raising the issues in a petition filed in the state trial court. *Id*. at \*2. Accordingly, the court dismissed the habeas petition without prejudice as to any claims that the petitioner had not yet exhausted in state proceedings. *Id*. The same disposition is appropriate in this case.

### III. Conclusion

For the reasons stated above, Petitioner's motion for leave to file an "affidavit of clarification" [15] is granted; Respondent's motion to dismiss [10] is granted; and the petition for a writ of habeas corpus [1] is dismissed without prejudice.

Dated: August 25, 2009  _____
Robert M. Dow, Jr.
United States District Judge